## BROWNELL V. SMITH.

· 1. PLEADING IN JUSTICES' COURT. The plaintiff, in an action in a Justices' Court, claimed for making "a set of teeth upon silver plate;" for making a "set of teeth upon gold;" for "filling teeth" and for "extracting teeth;" giving the dates of the several items: *Held,* that the charges were sufficiently specific to require the defendant to respond thereto, and that the court below did not err in overruling defendant's motion for a more specific statement.

*Appeal from Polk District Court.*

FRIDAY, JUNE 6.

ACTION on account. The facts appear in the opinion of the court.

*S. V. White* for the appellant.

*Thos. F. Withrow* for the appellee.

BALDWIN, C. J. — This was an action before a justice of the peace, upon an account. In the account filed, there are five different charges, four of which are as follows: "To dental work," the other, to "extracting teeth, &c." The date of each, with the amount thereof, is set opposite to each charge. To a rule for a more specific statement of the account, the plaintiff answered by stating that one of the items of dental work was "the making of a set of teeth, upon silver plate," another "was the making of a

set of teeth on gold," another, " for extracting and filling teeth," and the other for " filling teeth."

The defendant again filed a motion for a more specific statement, and asked the court to require the plaintiff to set forth " for whom the upper teeth were made, whether for the plaintiff or for some one of his family, and for whom the filling and extracting was done, how many of each, and at what price, and whose teeth were filled, and how many." This motion being overruled by the justice, and this ruling being sustained by the District Court, the defendant appeals

The defendant, in his application for a writ of *certiorari*, states " that he believes that a part of plaintiff's charges were made wrongfully, and without any contract with defendant, and if said charges had been specifically and fairly set out by plaintiff, he could have successfully controverted said claim."

The proceeding having been commenced before a justice of the peace, no petition was necessary, and the question is, was the account so stated as to convey to the common understanding a reasonable certainty of meaning.

The plaintiff is asked to state for whom the upper teeth were made, whether for plaintiff, or some one of his family; for whom the filling and extracting was done, &c. The account charges that this work was done for the defendant, and whether done for himself or family, the plaintiff could recover; at least the charge is sufficiently specific to require the defendant to respond thereto. An issue could have been made by defendant as to these charges, and if the plaintiff failed to prove the services rendered, or the value thereof, he could not recover. On the contrary, the defendant could have disproved the charges made, by proper evidence, as fully as if the items had been set out, as required by the motion.

A mere denial by the defendant, either written or oral, would have enabled him to show to the court that either

of "the plaintiff's charges were made wrongfully, and without any contract with defendant."

Affirmed.

WRIGHT, J. — I think this judgment should be affirmed, for the reason that under the bill of particulars plaintiff could recover for "extracting" the teeth of defendant, and for the other work, if done for him, in person. If this was the case, (and I cannot presume that the work was done for others, from the language used,) the statement was sufficiently specific.