## SHEA v. LIVINGSTON.

Justice of the peace: PLEADINGS. Technical precision and nicety in pleadings in a justice's court are not required. The provisions of the statute respecting motions for a more specific statement are not to be rigidly applied in these courts.

### *Appeal from Hamilton Circuit Court.*

### THURSDAY, JULY 27.

THE plaintiff instituted an action in a justice's court against defendant, serving upon him a notice as follows: "You are hereby notified that James Shea claims of you the sum of $78, on account for labor done on behalf of James McMerchy, and unless you appear," etc. The substance of this claim was entered upon the justice's docket.

The parties appearing, the plaintiff filed the following account:

"T. B. LIVINGSTON TO JAMES SHEA, *Dr.*

| | |
|---|---|
| 1st. To digging 45 feet of well, at $1 per foot .. | $45 00 |
| 2d. To 5 days teaming, at $3 per day ........... | 15 00 |
| 3d. To 3 days boring and sawing lumber for well, at $3 per day ....................... | 9 00 |
| 4th. To paid board bill....................... | 9 00 |
| Total................................ | $78 00" |

The defendant thereupon moved the court that the

plaintiff be required to make his statement of cause of action more specific in the following particulars:

1st. "That plaintiff be required to state how he seeks to charge the defendant for the payment of labor done in behalf of James McMerchy.

2d. That plaintiff be required to state whether the contract of defendant to pay for the labor done for James McMerchy is a written or a parol contract.

3d. That the plaintiff be required to state fully all the facts upon which he relies to charge defendant with the debts of James McMerchy."

This motion the justice at first sustained, but the plaintiff, refusing to amend, and offering to prove his account, the justice reconsidered the matter, and determined to admit plaintiff's proof without the amendment. The defendant objected to this, and refused to proceed.

Upon hearing plaintiff's evidence, the justice entered judgment for plaintiff in the sum of $73.75. Upon writ of error from the circuit court of Hamilton county, the justice's judgment was reversed. The plaintiff appeals.

*J. Skinner* for the appellant.

*Charles A. Clark* for the appellee.

DAY, Ch. J. — The justice was wrong in sustaining the motion for more specific statement, and right in reconsidering his action, and admitting plaintiff's proof.

Technical precision and nicety in pleadings in a justice's court are not required. The evident purpose of the law, where the matter in dispute is small, is to furnish parties a plain and inexpensive remedy, relieving them from the observance of legal form, and the necessity of employing counsel to prosecute their demands.

Hence "no petition need be filed, as is required in the district court, except where the petition must be sworn to,

but the notice must state the cause of action in general terms sufficient to apprise defendant of the nature of the claim against him." Rev., § 3860. If the cause of action is stated in general terms, and with sufficient certainty to apprise the defendant of the nature of plaintiff's demand, the law is complied with. This, we think, was done in the present case.

The items of account are specifically set out, and defendant is advised that plaintiff makes the claim for labor done on behalf of James McMerchy. If defendant had any transaction with plaintiff, out of which the claim might arise, he could scarcely fail, by this statement, to know what was referred to; and if he had no such transaction, a more specific statement of a matter having no existence would not better enable him to make his defense.

The necessity of compliance with the requirements of this motion would introduce into proceedings in justice's courts, in cases where no written petition is required, all the fullness and exactness of statement necessary in the district court. The provisions of the law, applicable to the procedure in those courts, are not susceptible of such a construction.

As bearing in some degree upon the question here discussed, see *Hall* v. *Monahan*, 1 Iowa, 554; *Packer* v. *Cockayne*, 3 G. Greene, 113; *Sears* v. *Tubbs*, 4 id. 409; *Brownell* v. *Smith*, 13 Iowa, 288; *Dilley* v. *Nusum*, 17 id. 239.

In our opinion the action of the circuit court was erroneous, and its judgment must be

Reversed.