## HALL v. MONAHAN.

Where an appeal from a justice of the peace, is regularly taken, the appeal brings up the case for trial in the District Court, on its merits, and for no other purpose.

To hold parties to technical nicety in pleading before justices of the peace, would defeat the plain policy of the law.

In an action before a justice of the peace, by the indorsee against the indorser of a promissory note, no petition is necessary, and the notice is only required to state the cause of action in general terms, sufficient to apprise the defendant of the nature of the claim against him.

Where a motion was made in the District Court, to dismiss an appeal from the judgment of a justice, for the reason that the only judgment which could have been rendered by the justice, or which can be rendered by the District Court, under the pleadings, was rendered by the justice, which motion was sustained, and the appeal dismissed, on the ground "that no demand was made before suit brought;" *Held*, That the court erred in dismissing the appeal, and that the issue should have been tried.

*Appeal from the Polk District Court.*

THIS was an action commenced before a justice of the peace, by the following notice :

. " To John Monahan, Sir : You are hereby notified that Edwin Hall claims of you forty-seven dollars, justly due him as an indorser on a note, dated Jan. 14, 1855, due in one day, to John Monahan, for forty-one dollars and ninety-one cents. Note signed by Taylor Pierce; assigned to Edwin Hall by John Monahan, on the 2d day of February, 1855, value received. Plaintiff obtained judgment against Taylor Pierce, on the 12th day of April, 1855, before M. Young, J. P., and execution returned on said judgment, July 9, 1835, by S. Dilly, constable.—No property found on which to levy, and also for costs on said judgment. And unless you appear at the office of Madison Young, a justice of the peace, on the 23d day of July, 1855, at one o'clock, p. m., and make defence to said claim, judgment will be rendered against you for the whole amount, with interest and costs. Dated July 17, 1855.   ·  .

" MADISON YOUNG, *Justice of the Peace."*

The substance of this notice was entered in the docket of the justice. Defendant appeared before the justice, and filed an answer denying all indebtedness. A trial by jury was had, and verdict for defendant, and judgment was entered thereon. Plaintiff appealed to the District Court, in which court a motion was filed to dismiss the appeal, by the defendant, for the reason, as stated therein, that the only judgment which could have been rendered in the court below, or can be rendered in this court, under the pleadings, was by the justice rendered in the case. On this motion, the court dismissed the appeal, for the reason, that no demand was made before suit brought. The plaintiff now assigns as error, the dismissing of the appeal.

*J. E. Jewett,* for the appellant.

*Talmage Brown,* for the appellee.

ISBELL, J.—We do not see that the motion, for the reason given by the court for dismissing the *appeal,* should have

been dismissed. We have looked into the record, and find it regularly taken, on the day of the rendition of the judgment, and properly allowed on the docket of the justice. It being regularly taken, it brought up the case for trial on its merits, and for no other purpose. Code, § 2343. In this case, no petition was necessary, and in the notice, it is only necessary to state the cause of action in general terms, sufficient to apprise the defendant of the nature of the claim against him. Code, § 2272. It is not apparent that any objection was taken to the notice before the justice, but the party answered and denied all indebtedness to plaintiff. To hold parties to technical nicety in pleading before justices of the peace, would defeat the plain policy of the law. The issue should have been tried.

The judgment is reversed and cause remanded.