## GREFF v. BLAKE.

1. PLEADING BEFORE A JUSTICE. Technical precision in stating a cause of action or defense is not required in a Justice's court. (*Wright* v. *Phillips*, 2 G. Greene, 191; *Taylor* v. *Barbour*, Id., 350; *Packer* v. *Cockyane*, 3 Id., 111; *Benton* v. *Hill*, 4 Id., 379; *Hall* v. *Monahan*, 1 Iowa, 554.

2. NEW TRIAL: MISCONDUCT OF A PARTY. Where the record showed that defendant's counsel used in his argument a paper on which was an estimate of damages sustained by the defendant, which was handed "to the jury with the papers in the case * * * as his estimate of the state of the account between the parties, without any intention to conceal the fact that the paper was given to the jury," but it did not appear that the counsel acted in bad faith, or that the appellant was prejudiced thereby, it was held an irregularity which did not constitute a sufficient ground for a reversal.

*Appeal from Dubuque District Court.*

WEDNESDAY, APRIL 27.

THE plaintiff brought his suit before a Justice of the Peace, claiming $22.20 "due him for hauling." The defendant filed his answer in writing: 1st. Denying generally the plaintiff's claim; 2d. Setting up a cross-claim against plaintiff for a breach of his contract, whereby he "was bound to do the hauling necessary to be done for defendant in his business of brickmaking," for a certain compensa-

tion, and claiming damages in the sum of fifty dollars therefor; 3d. That, by reason of plaintiff's failure to perform his contract, the defendant "was obliged to pay twenty-eight dollars for hauling, and suffered damage on loss of time, $16.50," &c. There was no reply filed to the cross-actions or denial thereof by the plaintiff, so far as appears from the transcript, but there was a trial, as upon issue, before the justice, and a judgment for defendant for $27.20; and, on appeal to the District Court, the defendant recovered judgment for $36.80, from which the plaintiff appeals.

*B. W. Poor* for the appellant.

*Wilson* and *Mulkern* for the appellee.

COLE, J. — I. On the trial, in the District Court, the defendant proved a contract on the part of plaintiff "to do all the defendant's hauling in his business for the season;" to which evidence the plaintiff objected, for the reason that no such contract is alleged in the pleading, the allegation in the answer being a contract "to do the hauling necessary to be done for defendant in his business of brickmaking;" that the Court overruled the objection, and plaintiff excepted, and assigns the same as error.

In view of the fact, that the pleadings in this case were made before a Justice of the Peace, where technical nicety of pleading is not required, there was no error in the ruling of the District Court in this particular. *Wright* v. *Phillips*, 2 G. Greene, 191; *Taylor* v. *Barber*, Id., 350; *Packer* v. *Cockyane*, 3 Id., 111; *Burton* v. *Hill*, 4 Id., 379; *Hall* v. *Monahan*, 1 Iowa, 554.

II. During the progress of the trial, the counsel for the defendant prepared a statement or account in writing of the defendant's damages, and used the same and commented upon it in his argument to the jury, and, "handed the same to the jury, with the papers in the

case,   *   *   *   as his estimate of the state of accounts between the parties, without any intention to conceal the fact of giving the paper to the jury." This practice was certainly irregular, and if there was anything in the transcript showing bad faith on the part of defendant's counsel, and any prejudice to plaintiff resulting therefrom, we should not hesitate to reverse the case on this ground. But it does not appear that the paper was handed to the jury from any improper motives, nor that there was any objection on the part of plaintiff's counsel, or that any prejudice to plaintiff or advantage to defendant resulted therefrom. The verdict returned by the jury was for a less amount than claimed by defendant's counsel in their statement, and the jury made their calculations on the same paper, which was returned by them into court, and shows a different basis for their verdict from that set out in the statement. Under these circumstances, we would not be justified in reversing the case for this irregularity, especially in view of the repeated adjudications of this court. *Abel et al.* v. *Kennedy et al.*, 3 G. Greene, 47 ; *Shields* v. *Guffey*, 9 Iowa, 322 ; *The State* v. *Accola*, 11 Id., 246.

III. It is claimed that the verdict which was for $36.80 was excessive, and this was made one ground for the motion for a new trial. By reference to the statement of the case, *supra*, it will be seen that in the third count of his answer, the defendant claimed twenty-eight dollars, which he was obliged to pay for hauling, &c., and also other items for loss of time, attorney's fee, and fee for transcript. It is shown, by the second bill of exceptions in the transcript, that " the defendant offered no proof of damages by reason of loss of time, nor for money paid to attorneys, or money paid to justice for transcript," &c. If this was all the showing by the bill of exceptions, it would lead inevitably to the conclusion, that the verdict being in excess of twenty-eight dollars, which is the only other claim

in the third count, should have been set aside on the ground alleged. But the second count of the answer claims fifty dollars damages for the breach of the contract generally; and it is shown by the first bill of exceptions that the defendant proved damages in the sum of fifty-four dollars and sixteen cents, resulting to him by reason of plaintiff's breach. Under such condition of the pleadings, the defendants could not be restricted to the third count of their answer; and the Court below, which heard all the evidence in the cause having overruled a motion for a new trial on the grounds specified, this Court will not reverse its action without a much stronger showing than is made in this case.

Affirmed.