Glidden v. Higbee.

GLIDDEN v. HIGBEE.

Stamps: PLEADING. In an action on a written contract evidence is not admissible on behalf of the defendant, that the instrument was not stamped when made and delivered, when no such defense is specially pleaded, and there is no denial of the execution of the instrument.

*Appeal from Johnson Circuit Court.*

MONDAY, APRIL 24.

THE plaintiff sued before a justice of the peace as assignee of an instrument as follows:

"*January* 26, 1870.

"MR. C. TREADWELL: As soon as I am notified of the arrival of the following trees, plants, etc., at Iowa City during the spring of 1870, amounting in value to the sum of $17.50, I will be promptly on hand to receive them and pay you the above amount for the same.

[Signed] "OBADIAH HIGBEE."

To this was affixed a five cent revenue stamp canceled with a cross and the date of the instrument.

The defendant appeared on the day set for trial and filed a written answer containing two counts; the first a general and specific denial of indebtedness; second an admission of a contract for the purchase of certain trees as per list set out, of extra size, quality and condition, to be delivered between the 1st and 15th days of April, and that a written memorandum had been given him as to the time of delivery, and alleging a non-compliance with the contract; that there was no offer to deliver till after April 25th, and that the trees offered were worthless.

Trial by the justice and judgment for the plaintiff, and defendant appealed to the circuit court, where the cause

was tried to a jury and a verdict rendered for the defendant, plaintiff appeals. The further facts appear in the opinion.

*Robinson & Patterson* for the appellant.

*Clark & Haddock* for the appellee.

MILLER, J. — On the trial in the circuit court after the plaintiff had read the instrument sued on and closed his testimony in chief, the defendant was called as a witness and, against the objection of the plaintiff, testified that the contract sued on was not stamped by him when made and delivered to the assignor of the plaintiff, nor had he at any time authorized any one to stamp it for him, or in any way ratified or agreed to the stamping thereof. The objection of plaintiff was based on the ground that no issue had been made in the pleadings on the question of the stamping, and was overruled by the court, to which the plaintiff excepted and assigns this ruling as error.

Section 2942 of the Revision requires that "Any defense showing that a contract, written or oral, or any instrument sued on is void or voidable, etc., must be specially pleaded."

The denials of indebtedness put in issue no fact whatever. They are as consistent with an admission of the execution of the instrument as with a denial of it. Whether, under a simple denial of the execution of the instrument sued on, the defendant might show that he did not stamp the instrument or authorize it to be done, we do not decide, but we are clear that, in this case, there being no denial of the execution of the instrument, or any special matter pleaded showing that the instrument was void for want of a stamp, and the action being by an assignee of the instrument, the court erred in admitting the evidence objected to. There was no issue to which

the evidence was pertinent. The due execution of the instrument was in no manner in issue in the cause.

This action was commenced before a justice of the peace, and it is the policy of the law that, in proceedings in that court, parties are not to be held to technical nicety in pleading. *Hall* v. *Monahan*, 1 Iowa, 554, and cases cited. The pleadings may be written or oral; when oral they must be written down in substance on the docket of the justice. Rev., § 3872.

And even when there are written pleadings, technicality of pleading, or exact correspondence of proof, is not required. *Greff* v. *Blake*, 16 Iowa, 222.

But when the pleadings are written, as in this case, they are required to "be *substantially* the same as in the district court." Rev., § 3872. "And all the proceedings prescribed for that court, so far as the same are applicable and not herein changed, shall be pursued in the justice's court." Rev., § 3858.

As the judgment must be reversed for the error above noticed, we need not pass upon others assigned.

Reversed.