BOARDMAN and another vs. WESTCHESTER FIRE INSURANCE COMPANY OF NEW YORK.

*December 15, 1881 — March 14, 1882.*

DISCRETIONARY ORDERS. *(1) View of premises.*
REVERSAL OF JUDGMENT.    *(2) Errors must appear from record. (3) Arguments of counsel not grounds of error.*

1. It is discretionary with the trial court whether it will permit the jury, on motion of a party, to view premises or property; and its determination on that point will not be reviewed on appeal.
2. If the jury are guilty of any misconduct in making the view, or the court errs in instructing them as to the effect they may give to matters which have fallen under their observation while making it, the appellant must cause such misconduct or such erroneous instruction to appear by the bill of exceptions.
3. What was said by counsel by way of argument to induce the court to order a view to be taken by the jury, cannot be alleged for error.

APPEAL from the Circuit Court for *Outagamie* County.

Action by *James S. Boardman* and. *Olla M. Campbell* on a policy of insurance against fire issued by the defendant company to the plaintiff *Campbell*. *Boardman* claimed as mortgagee of the premises, to whom the policy was made payable as his interest might appear. There was a judgment in favor of the plaintiff; from which the defendant appealed.

For the appellant there was a brief by *Collins & Pierce,* and oral argument by *Mr. Pierce.*

For the respondents there was a brief by *H. D. Ryan* and *W. J. Allen,* and oral argument by *Mr. Allen.*

The following opinion was filed January 10, 1882:

TAYLOR, J.    The appellant makes the following assignments of error: (1) That the court erred in allowing the plaintiffs to give evidence showing that the plaintiff *Olla M. Campbell* had no children at the time of her husband's death; (2) in allowing proof of the personal property destroyed by the fire, because there was no sufficient allegation in the complaint of

proofs of loss given to the company; (3) in allowing the jury to view the ruins of the premises destroyed by the fire; (4) in admitting evidence that the plaintiffs had not made proofs of loss to the Atlas company.

The two first assignments of error are not strenuously urged upon the court. They are based upon the alleged insufficiency of the complaint in setting out the plaintiff *Campbell's* interest and in alleging the making of the proofs of loss. The complaint alleges generally that the plaintiff *Olla M. Campbell* had at the time of the insurance, and at the time of the loss, an insurable interest in the property insured of a greater value than the amount of the policy. The evidence objected to was given on the trial to establish her title to the real estate insured. The proofs showed that it had been owned by her husband at the time of his death, and the fact that she had no children at the time of her husband's death was a part of the proof necessary for her to make in order to show that she inherited the same from her husband. The evidence, we think, was clearly admissible.

The objection that the complaint did not sufficiently allege that proofs of loss had been made after the loss and sixty days before the commencement of the action, is clearly unfounded. The complaint alleges in general terms that she had .fulfilled all the conditions of said insurance on her part, and had performed all the conditions of said policy precedent to a recovery in a suit at law upon the same. This general allegation is a sufficient allegation of the service of proofs of loss, under section 2674, R. S. The complaint further alleges that more than sixty days had elapsed before the commencement of the action since the proofs of loss had been made by the said *Olla M. Campbell*, as required by the conditions of the policy, and received at the office of the defendant. We think this allegation entirely sufficient to show that a cause of action had accrued to the plaintiff to recover the amount of the insurance money, under the condition contained therein that the

payment of the loss should not be made until sixty days after notice of loss and proof of the same received at the office of the defendant.

The third assignment of error is the one principally relied upon by the learned counsel for the appellant. He insists that it was error to allow the jury to view the premises under the circumstances disclosed in the bill of exceptions. The objection is not so much to the impropriety of the action of the court in ordering a view of the premises, as it is to the remarks made by the counsel for the respondents in making their application to the court for such view. As to the power of the court to direct a view to be made under section 2852, R. S., in a case of this kind, there can be no doubt. The section is very general in its terms. It reads as follows: "The jury may, in any case, at the request of either party, be taken to view the premises or place in question, or any property, matter or thing relating to the controversy between the parties, when it shall appear to the court that such view is necessary to a just decision: provided, that the party making the motion shall advance a sum sufficient to defray the expenses of the jury and the officers who attend them in taking the view; which expenses shall afterwards be taxed like other legal costs, if the party who advanced them shall prevail in the action."

This court held in *Pick v. Hydraulic Company*, 27 Wis., 433, that whether a view should be granted or not in a given case was purely a matter in the discretion of the trial court, and that this court would not review the decision of the trial court upon appeal from the judgment. Justice LYON, who wrote the opinion, says: "During the progress of the trial, and after all the testimony in the action had been introduced, the defendant, by its counsel, moved that the jury might be taken to view the premises in question, and offered to advance sufficient money to defray all the expenses of such view. The court denied such motion, and an exception was duly taken to the ruling of the court. We think that it is purely a matter of dis-

cretion with the court to order or to refuse to order a view by the jury, and that we cannot review the decision upon an application or motion therefor." In the case at bar the court ordered the view, and if the case is one in which a view might, under any circumstances, be ordered, then the making of such order cannot be a sufficient ground of error for a reversal of the judgment rendered in the action. We are very clear that the terms of the statute above cited are sufficiently broad to cover a case like the present, and it was therefore a matter of discretion with the court below whether the order should be granted or refused.

Whether the jury misconducted in making the view of the premises, or whether the court erred in instructing them as to what effect they should give, in making up their verdict, to matters which came under their observation while making the view, does not appear from the record in this case. We are to presume that the jury conducted properly, in making the view, and that the court properly instructed them upon what effect they should give to such matters as came under their observation while making the same. The record as presented to this court is entirely silent on that subject. The charge of the court to the jury is not made a part of the bill of exceptions, and we must therefore presume that the jury conducted properly, and that the judge, if he instructed them at all upon the subject, instructed them rightly.

What was said by the counsel for the respondent by way of argument to induce the court to make the order, cannot be alleged as error. If this court should undertake to reverse the judgments and orders of the lower courts because fallacious arguments or erroneous propositions of law were urged upon the consideration of the trial court for the purpose of inducing it to make such order or judgment, we would open up a new and prolific source of errors, which would render nearly every judgment or order made by a court subject to reversal. All that this court can consider is the fact that the order was made, and whether the court had authority to make it. If the coun-

sel for the appellant supposed he had been injured by the misconduct of the jury in making the view, or by any improper instructions given to them by the court as to the effect such view should have in determining their verdict, they should have made such errors appear in the bill of exceptions in the case.

The fourth assignment of error does not seem to have been relied upon by the appellant. There is certainly nothing in the bill of exceptions which shows that the existence of the Atlas company's policy in any way affected the liability of the appellant upon its policy.

*By the Court.*— The judgment of the circuit court is affirmed.

A motion for rehearing was denied March 14, 1882.