HARPLE M. HARROUN v. THE CHICAGO & WEST MICHIGAN
RAILWAY COMPANY.

*Practice in circuit courts—Taking memoranda or statements of coun-
sel to jury-room—Error without prejudice.*

1. *Memoranda* or statements made by counsel should not be given to
   the jury, to be used by them in the jury-room, unless by consent
   of the attorney of the opposite party. The only exception to this
   rule exists in cases involving the investigation of long accounts,
   where numerous items are to be passed upon, when, if there are
   no bills of particulars, it might be proper, in the discretion of the
   trial judge, to allow the jury to take to the jury-room lists of the
   items claimed on *both* sides.[1]

2. Where, in a suit for the value of stock killed by a railway com-
   pany, testimony was received on *both* sides tending to show the
   value of the animals killed, and the damage to those injured, and
   the jury were permitted to take to the jury-room a statement
   made by the plaintiff's counsel showing the highest amounts
   given by any witness of such value and damage, and the jury
   rendered a verdict for *less* than the *average* of such amounts,
   with interest, the use by the jury of such statements was error
   without prejudice.

3. The case of *Millar v. Cuddy*, 43 Mich. 274, is qualified in so far as
   it conflicts with the doctrine laid down in head-note 1.

Error to Newaygo.   (Fuller, J.)   Argued November 4,
1887.   Decided January 19, 1888.

Case for damage to stock by railway company.   Defendant
brings error.   Affirmed.   The facts are stated in the opinion.

*Smith, Nims, Hoyt & Erwin,* for appellant.

*Stone & Hyde,* for plaintiff.

MORSE, J.   The plaintiff sued the defendant in the cir-
cuit court for the county of Newaygo, for the value of an

[1] See *Bethel v. Linn*, 63 Mich. 465 (head-note 3); *Bulen v. Granger*,
Id. 312 (head-note 5).

ox, a horse, and a mule killed by the cars of the defendant, and a horse and a mule injured and damaged by defendant's train.

Testimony was offered and received on both sides showing the value of the animals killed, and the damage to those injured.

At the close of the charge of the court to the jury, one of the attorneys of the plaintiff said:

" Here is a statement of what we claim, that I would like to have the jury have." Defendant's counsel objected.

*The Court.* "If the jury desire it they can take it; it is merely a memorandum of the highest amounts given by any witness."

*Defendant's Counsel.* "I do not think it ought to go to the jury."

*The Court.* "I will allow defendant's counsel to make a statement of the lowest amount sworn to by any witness."

*Defendant's Counsel.* "I don't think my position on that question would warrant me in doing that."

*The Court.* "The instructions given to the jury will prevent the paper doing any hurt."

*Defendant's Counsel.* "Here are several animals, and if it will aid the jury they can write down the names of each, but the values or extent of the injury I think is for the jury."

*The Court.* "I don't think we will prolong this discussion. If the jury want this paper they can have it; otherwise not."

The jury thereupon took the paper. Defendant's counsel excepted to the ruling of the court permitting the jury to take this statement. This is the only error assigned upon the record.

The jury were authorized by the court to compute interest upon the amount of the injury from the time the animals were killed or injured up to the date of their verdict. They found for the plaintiff in the sum of $621.

Quite a large number of witnesses were sworn upon the part of each party as to the damages; and, in order to ascertain whether any harm was done to the defendant by this

ruling of the court below, I have carefully examined the testimony of each witness upon this branch of the case. Upon such examination I find that the plaintiff's own testimony fixed his loss, without interest, at about $555, while an average of the evidence in his behalf, including his own, would be, without interest, about $605.

The testimony on the part of the defendant averages the value of the animals killed at about $250, while there is no *data* of its witnesses from which to estimate the damage on account of the horse and mule injured, but not killed.

The jury were entitled, if they saw fit, to take the highest or lowest estimate of damages, or the testimony of any one witness as to the loss on each animal. The stock was killed and injured in the fall of 1886,—the ox on the fifteenth of October, and the others on the twenty-eighth of the same month. The verdict was rendered on the twenty-fifth day of July, 1887. Interest was therefore allowable for about 9 months at 7 per cent. The jury, therefore, it is evident, found the value a little less than the average of the witnesses for the plaintiff.

We are satisfied that the statement did not prejudice the defendant's case.

I do not think there was any error in allowing the jury to take this *memoranda*. It came clearly within the opinion of this Court in *Millar v. Cuddy*, 43 Mich. 274 (5 N. W. Rep. 316).

But my brothers are of the opinion that it was error; they do not understand the practice to be as laid down in that opinion. Nor do they deem such practice correct or desirable. They hold that the principle upon which jury trials proceed is that the jury shall render a verdict upon their own unaided views of what the testimony is; and, after they leave the jury-box to deliberate upon their verdict, no communication shall be made to them, orally or otherwise, by counsel in the case. If they may take a written statement

from counsel of their claim, there is no good reason why they may not take a written argument in support of such claim. When the law is that no communication, orally or otherwise, shall be made to them, the jury cannot be justified in taking from one of the parties a communication, which, in effect, repeats to them continually:

"This is my claim; here are the figures; I ask your verdict for this amount."

Such communication is intended to influence the minds of the jury; otherwise it would be idle to give it to them. In many cases it does influence them. It is no answer to say that a jury may take *memoranda* of the testimony to aid their memory, during the trial, and carry the same with them to the jury-room when they retire to consult upon their verdict. This is proper enough; but it does not follow that a party to the cause, or his counsel, who is interested in the result, may hand to the jury *memoranda* to aid or refresh their memory.

The true rule should be, so my brothers hold, that *memoranda* or statements made by counsel shall not be given to the jury, unless by consent of the attorney of the opposite party, to be used by them in the jury-room. The only exception to this rule exists in cases involving the investigation of long accounts, where numerous items are to be passed upon. In such cases, if there are no bills of particulars, it might be proper, in the discretion of the trial judge, to allow the jury to take to the jury-room lists of the items claimed on both sides.

We are all agreed, however, that there was no harmful error in this case, and that the circuit judge was justified in his ruling, under the decision in *Millar v. Cuddy.*

As this is a matter of practice which ought to be settled, I join with the balance of the Court in declaring the rule to be as they hold, and in qualifying the case of *Millar v.*

*Cuddy,* in so far as it conflicts with the doctrine here established.

The judgment of the court below is affirmed, with costs.

SHERWOOD, C. J., and CHAMPLIN, J., concurred. CAMPBELL, J., did not sit.