RICKEMAN, Respondent, vs. WILLIAMSBURG CITY FIRE IN-
SURANCE COMPANY and others, Appellants.

*February 23—March 22, 1904.*

*Fire insurance: Amount of loss: Evidence: Court and jury: View
of premises: Removal of debris to destroy evidence: Taking
memoranda to jury room: Fraud: Overstatement of loss: Evi-
dence of financial condition.*

1. In an action upon a fire insurance policy the evidence is *held*
   sufficient to sustain the findings of the jury as to the amount
   of the loss, so that the refusal to set aside those findings was
   not error.
2. Whether the jury shall view premises is a matter in the dis-
   cretion of the court.
3. Instructions assuming that the insured had removed the debris
   of a fire with the intent and for the purpose of destroying evi-
   dence are *held* to have been properly refused, it being a ques-
   tion for the jury, upon the evidence, whether the removal was
   prompted by such motives or not.
4. It was not an abuse of discretion, in this case, to permit the
   jury to take with them, on retiring, a tabulated statement,
   made by plaintiff's attorney, of the items of loss for which he
   claimed there should be a recovery under the proof, the con-
   tents of such statement having been given, without objection,
   in argument to the jury, and they being instructed that it was
   to be used merely as a memorandum to assist them in review-
   ing and considering the evidence, if they found it accorded
   with the evidence.
5. Defendants alleged that the policies in suit had been avoided by
   fraudulent overstatement of the loss, and that the insured did
   not in fact have on hand, at the time of the fire, the large
   stock of goods, consisting of articles readily convertible into
   money, which she claimed to have then had and to have held
   and stored for some years. *Held*, that upon this issue of
   fraud defendants might show that the insured, at and prior to
   the time of the fire, was in straitened financial circumstances.

APPEAL from a judgment of the circuit court for Racine
county: E. B. BELDEN, Circuit Judge. *Reversed.*

This action is brought by respondent to recover a loss to
her stock of groceries, tobacco, liquors, furniture, and fix-
tures, insured by appellant. The facts show that she was

conducting a general grocery business in the city of Racine, in her own store, under the management of her sons, George and Fred Rickeman. On September 2, 1902, a fire occurred in the store, damaging the contents and parts of the building. She caused proofs of her loss to be made and served on the companies, and commenced action to recover the amount of damages claimed by her, as set out in the proofs of loss. The companies answered, denying the amount of the loss, and claimed and asserted that the loss did not exceed $1,804.81. They answered, relying on the stipulation of the policy which avoids the contract for concealing or misrepresenting any material facts or circumstances concerning the insurance, or if the interest of the insured in the property be otherwise than stated, or in case of any fraud or false swearing by the insured touching any matter relating to it before or after the loss; and they alleged that she fraudulently represented in her claims and proofs of loss that the loss sustained by her on the stock of goods and merchandise amounted to the sum of $11,156.84, and that she knew, in fact, it did not exceed $1,219.15.

The building was built of brick, having a basement, and ground and second floors, all occupied by the insured in conducting her business. It was about eighteen feet in width and fifty-five feet in length. The first floor was used for merchandising in retail. The second floor was divided by a wooden partition which cut off the north end, made into two rooms, and connected with the other part of this floor, which was used for the general storage of merchandise. The floor, framework, side, roof, partition, doors, windows, and studding in the second floor were of pine wood. There was an attic over this floor, separated by rafters, with loose boards over part of the rafters. The fire occurred on the morning of September 2, 1902. The goods which are claimed to have been totally destroyed were on the second floor. The principal controversy pertains to the loss on a stock of sugar, a

stock of cigars, a stock of Old Crow whisky, and a stock of tea. The sugar is described as 100 sacks, of 100 pounds each, of granulated sugar, piled in layers about six feet high and about sixteen or eighteen feet in length along the center of the storeroom; the cigars, as from fifty to sixty thousand, placed in tiers of boxes on deep shelves at the side and near the partition in the north end; the liquor, as Old Crow whisky, in quantity, 235 gallons, purchased in 1883, stored in tin cans in recent years, and placed on boards which lay on the rafters, and formed the floor of the attic; and the tea, as kept and stored in the original chests or packages.

The special verdict found the following facts: The loss on goods not totally destroyed amounted to $1,554.87; damages to furniture and fixtures, $585.66; loss in liquors, $3,795.60; loss in sugar, $475; loss in tea, $1,135; loss in cigars, $2,740; and that the insured did not falsely and fraudulently misrepresent the amount of the loss of the property covered by the policies issued by the companies.

After verdict, appellants moved the court to set aside the answers to the questions finding the amount of loss on sugar, tea, liquors, and cigars, as well as the answers to other questions, upon the ground that they were without evidence to support them, and because against the law and the evidence, and also moved to set aside the whole verdict and for a new trial. These motions were denied, and judgment was thereafter entered upon the special verdict in respondent's favor for the damages found, with costs. This is an appeal from that judgment.

For the appellants there was a brief by *Chynoweth & Mason,* and oral argument by *H. W. Chynoweth.*

For the respondent there was a brief by *Quarles, Spence & Quarles,* and oral argument by *J. V. Quarles, Jr.*

SIEBECKER, J. The first question raised is whether the verdict is based upon testimony so highly improbable as to

bear conclusive evidence on its face of bias and prejudice, and for that reason should have been set aside by the court. Appellant asserts that the evidence fails to show a loss of the sugar, tea, liquors, and cigars as found by the jury. It is admitted that the evidence adduced by respondent, standing alone, would support the verdict; but it is claimed, that this evidence is made incredible by the facts and circumstances of the case, and that the evidence of the destruction of the sugar and the tobacco by this fire is inherently incredible. It is argued that all the credible evidence in the case shows that the fire, as observed by the eyewitnesses, and from its consuming power, shown by the effects on the building and other combustible material in the store, could not have destroyed the quantity of sugar and cigars as found by the jury. This involves an inquiry as to the duration of the fire, its destructive power as to these articles, and whether there is evidence tending to show that the articles found by the jury to have been destroyed were actually in the store. We cannot give assent to the contention that the evidence is conclusive that the fire existed for a period of only twenty minutes. True, the policeman testifies that he passed over the street near the store a short time before the fire was discovered, and then saw no evidence of fire. Still no conclusive inference can be drawn from his testimony that the fire may not have been in progress for a considerable time before he discovered it. The only other evidence bearing on this question is the testimony of the fire's progress when it was first observed by the firemen, and the damage done to the building and contents. The facts, however, furnish no conclusive basis for fixing the duration of the fire before it was discovered. Much stress is laid upon the positive testimony of experts, who expressed the opinion that the quantity of sugar found to have been lost could not have been consumed by a fire of this magnitude in the time specified in the hypothesis to the question put to them as to the dura-

tion of the fire, to the effect that it would require several hours of a very intense heat to destroy the specified quantity of sugar, and that a fire sufficient to destroy the sugar would have destroyed the building and its contents. Experts called by respondent on the same subject testified that in their opinion the sugar might have been destroyed without damaging the building any more than it did, but that it would require a longer time than specified in the hypothetical question. We have adverted to the fact that the fire may have existed in the store for a longer period than "about twenty minutes" as assumed in the opinion testimony. Does the testimony show that the jury's finding as to the quantity of sugar destroyed is inherently incredible, under the conceded facts, or is it against all the reasonable inferences and probabilities in the case? The facts which were assumed in giving the opinion testimony were in dispute, as regards the duration of the fire, its destructiveness and magnitude, the quantity of sugar actually consumed by fire, as distinguished from the amount lost as the result of the fire, as well as the destructive effect of the fire on the building. In this situation, it was necessary for the jury to find these facts, and, if the basic assumptions were not found by them from the evidence, then the conclusions based thereon furnished no facts for the court or jury to act upon. Upon this subject the direct evidence of respondent's sons and daughter, testifying to the amount and actual presence of the sugar, tea, liquors, and cigars in the store on the evening before the fire, must be taken into consideration, as well as the corroborating facts and circumstances arising out of the conduct of the business, as should also the evidence of the witness Vard, who stated that he saw the sugar, cigars, and other articles in the store on the evening before the fire, as well as the testimony of eight other witnesses who testify that they saw the sugar, cigars, and other articles in the store, in the places and in the quantities as described, at times varying from a day or

two to a few weeks before the fire. It is asserted that a number of firemen and others testified that they swept the water out of the store after the fire, and that they observed no sugar, no evidence of whisky, smelt no cigars or liquor, and saw very slight evidence of tea chests. It is, however, undisputed that from four to five hundred pounds of sugar was saved out of the sugar piled in this room. Nor can we say it conclusively appears that a considerable quantity of sugar may not have been destroyed by the large quantity of water poured into this storeroom to extinguish the fire. A careful examination of all the evidence leads to the conclusion that the evidence of the loss of the sugar, tea, cigars, and liquor was properly submitted to the jury, under the rule that, if there is any credible evidence in the case from which a reasonable inference may be drawn in support of the claim of either of the parties to the action, then the court cannot assume to decide the controversy as a matter of law. *Lewis v. Prien,* 98 Wis. 87, 73 N. W. 654; *Beyer v. St. Paul F. & M. Ins. Co.* 112 Wis. 138, 88 N. W. 57.

The court refused to have the jury view the premises. This is a matter in the discretion of the court, and we find nothing to show that the court abused it.

Appellant requested several instructions to the effect that respondent and her agents had concealed and destroyed evidence by removing the debris, as shown by the proof, and that this conduct raised every intendment and presumption against the justice of her claim. The requests, in effect, assumed that the debris was removed with the intent and for the purpose of destroying evidence. It was for the jury to determine whether the parties were prompted by such wrongful motives, or not, under the facts and circumstances showing the opportunities which had been given defendants to make examination of it, the length of time it had been kept, and the explanations given why it was removed in the manner and at the time shown. The instructions given by the

court upon this subject gave the rule applicable to the facts in the case. No error was committed in refusing the instructions requested.

Respondent's counsel requested that the jury be permitted to take with them a tabulated statement made by him, and used in argument before the jury, of the items of loss which the insured claimed the right to recover under the proof. Appellant objected to this request upon the ground that no opportunity had been afforded for an examination of the statement to ascertain whether it conformed to the evidence. The court granted the request and instructed the jury that it was to be used merely as a memorandum to assist them in reviewing and considering the evidence, if they found it accorded with the evidence. Its contents had been given in argument to the jury, and presumably in the presence and hearing of opposing counsel. There is nothing to show that its use before the jury was objected to, or that it was in fact an incorrect memorandum of the data of the evidence in the case. The practice of submitting statements of this nature to the jury, and permitting them to be taken to the jury room, must rest largely in the sound discretion of the trial court. It should be indulged with care and caution to prevent any prejudicial consequences. Under the circumstances, we find no abuse of the practice in this case. *Harroun v. C. & W. M. R. Co.* 68 Mich. 208, 35 N. W. 914; *Greff v. Blake,* 16 Iowa, 222.

We now come to the assignment of error bearing on the issue of fraud raised by the pleading. Appellant alleges that the policies are avoided by respondent's conduct in presenting a false and fraudulent claim as to the amount of her loss on the stock of merchandise covered by the policies. The evidence tended to show that she kept and stored a large stock of liquors and cigars for years before the fire, and that she also had a considerable stock of tea and sugar, which were marketable articles, readily converted into money. Appel-

lant sought to elicit facts tending to show the fraud charged in falsely overstating her loss, on cross-examination of respondent's sons and daughter, who had full charge of her business, by inquiring of them whether they had not been in pressing need of money to carry on the business while keeping all these goods in store, and were therefore compelled continually to overdraw her bank account. For the same purpose the defendants offered respondent's bank deposit book in evidence. All of this evidence was excluded on the ground that it was irrelevant and immaterial. We are constrained to hold that the court erred in its view of this evidence. The defense of fraud was asserted to defeat the policy. It is claimed that she was in a straitened financial condition, which made it improbable that she carried a large stock of goods. The insured claimed a large loss on merchandise, part of which she had held and stored for an unusual length of time. It was charged that she in fact had no such goods. It is a matter of common knowledge that such merchandise is readily converted into money in the open market. The inquiry arises, Would not a dealer having such a stock be likely to convert it into money to relieve his straitened financial condition? . We are of opinion that respondent's financial condition, under such circumstances, had a direct and important bearing on the issue of fraud. Wide latitude is given in allowing evidence relevant to such inquiry, as touching the good faith of the transaction. *Kalk v. Fielding,* 50 Wis. 339, 7 N. W. 296; *Williams v. Williams,* 102 Wis. 246, 78 N. W. 419.

A number of exceptions were preserved upon rulings on questions of evidence which are not likely to arise again upon another trial, and we therefore omit further discussion.

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded for a new trial.