PRELIPP, Appellant, vs. PRELIPP, Respondent.

*December 11, 1930—February 10, 1931.*

For the appellant there was a brief by *F. J. Rooney* of Appleton, attorney, and *Martin & Martin* of Green Bay of counsel, and oral argument by *Joseph Martin.*

For the respondent the cause was submitted on the brief of *Albert H. Krugmeier* and *Joseph Witmer,* both of Appleton.

WICKHEM, J. Appellant contends that the court erred in improperly limiting the inquiry presented by the first question of the special verdict to the period of plaintiff's employment after he had obtained his majority. It is contended by respondent that this question was correctly framed for the reason that the defendant stood *in loco parentis* to the plaintiff, and that consequently the defendant had a right to plaintiff's services during his minority, and any agreement during minority would be *nudum pactum*.

The law applicable to situations such as this case presents has been set out in many decisions of this court. It was said in *Martin v. Estate of Martin,* 108 Wis. 284, 84 N. W. 439:

"Although not of kin to the intestate, the plaintiff was received into her family as a son, and the services rendered by him were rendered in that capacity; hence the presumption is that they were not to be paid for, and that presumption can only be rebutted by proof, either direct or circumstantial, which establishes an express contract to pay for them."

See, also, *Pellage v. Pellage,* 32 Wis. 136; *Ellis v. Cary,* 74 Wis. 176, 42 N. W. 252; *Estate of Kessler,* 87 Wis. 660, 59 N. W. 129; *Taylor v. Thieman,* 132 Wis. 38, 111 N. W. 229.

While it is of course true that the father, and probably others standing *in loco parentis* to a child, are entitled to the services of the child, it is also true that the parent or person standing in such relation may emancipate the child. In Tiffany, Persons & Domestic Relations (2d ed.) pp. 280, 281, it is stated:

"A child may be released from parental control, and become entitled to his earnings, or, in other words, he may become emancipated, either by the consent of his parent, or by operation of law without such consent. . . .

"Not only may a parent emancipate his child, so as to entitle it to receive its earnings from third persons, but

'emancipation may be implied even when the minor resides at home and works for his father, from a promise on the part of the father to pay him for his services during. his minority, so that the minor may maintain an action against the father even for such services.' Because of the relation, the presumption is against any such contract, and the child must show affirmatively that there was an understanding that compensation should be paid."

See, also, *Hall v. Hall,* 44 N. H. 293, 296; *Sword v. Keith,* 31 Mich. 247; *Beaver v. Bare,* 104 Pa. St. 58.

The question presented is whether, by reason of the limitation in time contained in the first question of the special verdict, the court excluded from the consideration of the jury evidence from which it could reasonably be inferred that an express contract had been entered into between plaintiff and defendant by which plaintiff was to be paid for his services. An examination of the record discloses only one transaction occurring during plaintiff's minority. One William Wendt testified that on one occasion, when he was at the farm in 1916, the plaintiff was working on some land just acquired by the defendant, and that the plaintiff at that time said it was going to be his farm. Witness further testified that the defendant later said, "When I tell him that he will work like hell." If the jury might reasonably infer from this testimony that an express contract had been entered into between plaintiff and defendant, by the terms of which plaintiff was to be paid for his services, then evidence bearing on plaintiff's right to recovery has improperly been excluded from the consideration of the jury.

What is indicated by this implied admission? Can it be inferred that an express agreement had been made to give the property to the plaintiff by will in return for his labor? Does it tend to prove that an agreement was made to transfer the property during the lifetime of the owner, upon the same consideration? Or, was it merely a statement made by defendant for the purpose of inspiring the plaintiff to greater

industry and with no thought on the part of either plaintiff or defendant of contractual relations? If this was a void but express contract to will the property to the plaintiff, there would be no cause of action in plaintiff until the death of defendant. If it was a void but express contract to transfer the property to plaintiff during the lifetime of the defendant, it would create a present cause of action in plaintiff for the reasonable value of his services. If it was simply one of those remarks frequently made by fathers to their children, amounting merely to a prediction and without intended legal consequences, it could not amount to an emancipation or create any rights in plaintiff. We are of the opinion that there is no reasonable ground upon which a jury could conclude that there had been an express contract between plaintiff and defendant obligating the latter to pay for plaintiff's services, and no basis upon which the jury could determine what the terms of the contract were, if they did find one. The jury could not, by means other than pure conjecture, make a choice among the possible inferences arising out of the evidence. The rights of those standing *in loco parentis* cannot be permitted to hang on so slender a thread.

Appellant further contends that the court erred in admitting testimony on behalf of the defendant to the effect that defendant had a mortgage of $15,000 upon his land, including the piece which plaintiff claims defendant had promised to give him. The court admitted the testimony upon the theory that it had some bearing upon the likelihood that defendant had promised to give this property to the plaintiff. We have concluded that no error was committed, and that the mortgaged condition of the premises did have some bearing upon this issue. *Rickeman v. Williamsburg City F. Ins. Co.* 120 Wis. 655, 98 N. W. 960.

*By the Court.*—Judgment affirmed.