Curt and another, Appellants, vs. Industrial Commission and another, Respondents.

*September 17—October 12, 1937.*

For the appellants there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Kenneth Grubb* and *Henry S. Reuss* of counsel, all of Milwaukee, and oral argument by *Mr. Grubb.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

*Chas. A. Taylor* of Barron, for the respondent Albert Curt.

WICKHEM, J. The sole question upon this appeal is whether a minor child, injured while working for his father, is entitled to the benefits of the Workmen's Compensation Act.

Applicant left high school in 1934 and worked for his father thereafter. In June, 1935, his father made an agreement with him under which applicant was to receive sixty-five cents a hundred for drying casein and was guaranteed eighty dollars a month. He lived at the home of his parents, occasionally received presents of money, and was accustomed to do chores about the house, such as shoveling snow, cutting grass, running errands, etc. The father testified that putting the son on a salary and charging him for what the father gave him was a part of the boy's training, and that in all respects except the matter of wages he treated him as a father would ordinarily treat a son. Plaintiffs contend that, while

the parent had relinquished his right to his son's wages, he had not completely emancipated him but had retained the right to his custody and control. It is urged that the doctrine of *Wick v. Wick,* 192 Wis. 260, 212 N. W. 787, applies to prevent proceedings under the compensation act by a son who claims to have been employed by his father unless the father has relinquished his rights to custody and control as well as to wages.

We conclude that the trial court correctly disposed of this matter. In *Prelipp v. Prelipp,* 203 Wis. 488, 234 N. W. 730, this court held that emancipation may be implied even where a minor resides at home and works for his father from a promise on the part of the latter to pay him for services during minority. In the *Prelipp Case* plaintiff sued one standing in *loco parentis* to him for wages earned during minority under an alleged contract of hire. While the court denied recovery upon the ground that the emancipation and contract for services were not sufficiently established, it is inferentially held that, except for the failure of proof, plaintiff would have prevailed. It would follow, even without resort to the compensation act, that where an agreement by father to pay wages to his minor son has been established, a relationship of employer and employee exists.

Sec. 102.07, Stats., provides in part as follows:

" 'Employee' as used in this chapter means: . . .

"(4) Every person in the service of another under any contract of hire, express or implied, all helpers and assistants of employees, whether paid by the employer or employee, if employed with the knowledge, actual or constructive, of the employer, including minors (who shall have the same power of contracting as adult employees), but not including farm laborers, domestic servants and any person whose employment is not in the course of a trade, business, profession, or occupation of his employer, unless such employer has elected to include them."

It is urged that the provision vesting minors with the power to contract was merely to permit them to become employees of persons other than their parents. This contention cannot be sustained. It is true that the act is not effective to give a wholly unemancipated minor the right to treat himself as the employee of his father. Where, however, there has been an agreement on the part of the parent to pay wages and to permit the minor child to keep them, the minor is entitled, under the compensation act, to the status of employee. The contention that this violates the policy of *Wick v. Wick, supra,* cannot be sustained. The liability is statutory and does not sound in tort. The act is a broad, comprehensive piece of social legislation designed to ameliorate the injustices of the industrial system generally, and to put upon industry its share of the burdens created by it. Minors are expressly given the same power to contract as adults. Having been sufficiently emancipated to enter an enforceable contract of hire with his father, it is clear that he became an employee, and that the benefits of the act follow his status as such. That the act puts the minor upon the same basis as an adult has been quite broadly laid down in *Borgnis v. Falk Co.* 147 Wis. 327, 133 N. W. 209; *Menominee Bay Shore L. Co. v. Industrial Comm.* 162 Wis. 344, 347, 156 N. W. 151; and *Stetz v. F. Mayer Boot & Shoe Co.* 163 Wis. 151, 156 N. W. 971.

While in each of these cases the alleged employer was not the parent, we think the principle compels the same conclusion where, as here, the parent has entered a contract of hire with his minor child. The act does not interfere with the parental right to custody and control because the parent is always in a position to prevent the relation of employer and employee from arising.

*By the Court.*—Judgment affirmed.