ECKHARDT and others, Respondents, vs. JUDEVINE and others, Appellants.

*November 9—December 5, 1939.*

For the appellants there was a brief by *J. W. Frenz* of Baraboo, attorney, and *Bagley, Spohn, Ross & Stevens* and *Francis Lamb*, all of Madison, of counsel, and oral argument by *Mr. Lamb* and *Mr. Frenz*.

For the respondents there was a brief by *W. G. Evenson* of Baraboo, attorney, and *Wilkie, Toebaas, Hart, Kraege & Jackman* of Madison of counsel, and oral argument by *Mr. Harold M. Wilkie* and *Mr. Evenson*.

ROSENBERRY, C. J. This action involves principally questions of fact. We have examined the record, the findings are well sustained by the evidence, and the judgment would be affirmed without opinion were it not for a question of law raised in the case. We shall state such facts only as are necessary to present that question.

It was claimed by the defendants that the conveyances were made by Arthur and Seba Judevine to the daughter Ethel in satisfaction of a debt. The debt arose in this way: The

defendants testified that Arthur Judevine agreed with his daughter Ethel that if she would remain at home during her high-school years and take care of the home and the store, he would give her a four-year college education. At the time of the alleged agreement she was either fifteen or sixteen years of age. It was the contention of the defendants that by the making of this agreement she became emancipated and was entitled to compensation for the services rendered to the parents in the home. She testified these services were worth $20 a week for services in the store and $7 while working at home.

The defendants rely upon the case of *Curt v. Industrial Comm.* (1937) 226 Wis. 16, 275 N. W. 447. That case involved a construction of the Workmen's Compensation Act. Sec. 102.07 (4), Stats., provided that minors should have the same power of contracting for their services as adult employees, but it is expressly provided that the section defines employee "as used in this chapter [ch. 102]." That case must be read and understood in the light of the facts of the case. It was not intimated in that case that the provisions of ch. 102, Stats., operated generally to enable minors to enter into enforceable contracts. They may enter into such contracts for the purposes of the Workmen's Compensation Act. While the court speaks of emancipation it is not held or intimated that emancipation was for any other purpose than entering into a contract of employment under the Workmen's Compensation Act. The general law of emancipation of minors is not affected. The trial court rightly held that upon the facts of the present case the minor daughter was not emancipated.

*By the Court.*—Judgment affirmed.