ECKHARDT and others, Respondents, vs. JUDEVINE and others, Appellants.

*November 9—December 5, 1939.*

For the appellants there was a brief by *J. W. Frenz* of Baraboo, attorney, and *Bagley, Spohn, Ross & Stevens* and *Francis Lamb,* all of Madison, of counsel, and oral argument by *Mr. Lamb* and *Mr. Frenz.*

For the respondents there was a brief by *W. G. Evenson* of Baraboo, attorney, and *Wilkie, Toebaas, Hart, Kraege & Jackman* of Madison of counsel, and oral argument by *Mr. Harold M. Wilkie* and *Mr. Evenson.*

ROSENBERRY, C. J. This case is a companion case to *Eckhardt v. Judevine, ante,* p. 168, 288 N. W. 756, and involves substantially the same state of facts. The principal .question of law in this case is the same as that considered in the companion case. The findings of the trial court are clearly in accordance with the weight of the evidence.

However, on a motion to review, the plaintiffs seek to have the judgment modified to impose a trust on the entire Wilder tavern property. Upon motion the trial court modified the judgment so as to establish a trust upon the Wilder tavern property to the extent of $500 only. The property was purchased for $1,000. The trial court found that $500 of this amount came from the proceeds of timber sold from Forest county lands, a part of the property conveyed to Ethel. There is no testimony as to where the balance of the $1,000 came from. Because Ethel Judevine acted fraudulently, the plaintiffs argue that a presumption should be indulged in that the remainder of the funds came from the rents and profits of the property conveyed to her. It is considered that the trial court correctly modified the judgment. It is one thing to say, by way of argument, that the remaining $500 was derived from rents and profits, but it is another thing to prove it. No proof having been offered, the contention of the plaintiffs cannot be sustained. See *Bromley v. Cleveland, C., C. & St. L. R. Co.* (1899) 103 Wis. 562, 79 N. W. 741.

*By the Court.*—Judgment affirmed.