## JOHN DRISCOLL *vs.* CITY OF FALL RIVER.

Bristol.   October 22, 1894. — February 28, 1895.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Personal Injuries — Employers' Liability Act — Evidence of Reputation*
*— Sufficiency of Notice.*

In an action for personal injuries, evidence of a general reputation regarding the
incompetency of a servant is admissible on the ground that it furnishes some
reason to believe that, if the master had exercised due care, he might have
learned or heard of the incompetency; but the reputation of a foreman amongst
a few workmen employed under him is inadmissible, as it is merely the opin
ion of a small number of men, of which there is no reason to suppose that the
master may be cognizant, or which he may be bound to heed.

While the notices required in an action for personal injuries under St. 1887, c. 270,
§ 3, and amendments thereto, are not to be construed with technical strictness,
enough should appear in them to show that they are intended as the basis of a
claim against the defendant, and were given in behalf of the person who brings
the suit.

TORT, for personal injuries occasioned to the plaintiff on
June 1, 1893, while in the employ of the defendant. The first
count of the declaration, which was at common law, alleged that
the injury was caused by reason of the incompetency of a fore-
man employed by the defendant; the second count, which was
under the employers' liability act, St. 1887, c. 270, and acts
amendatory thereof, alleged that due notice of the time, place,
and cause of the injury was given to the defendant.

At the trial in the Superior Court, before *Aldrich*, J., upon
the issue of the competency of the foreman, a witness called by
the plaintiff testified that he had been employed by the defend-
ant off and on for a good many years; that he had worked
steadily for the city for two seasons before the accident; that
he had known of this foreman for a year or two without being
acquainted with him, and was working under him at the time of
the accident; that he never associated with him except while he
was with the men at the work in question; that he had been at
work before this accident three or four days, or that week, — he
could not say; and that he had no knowledge of the foreman's
reputation in the city of Fall River among people generally,

any more than that he had been working in the city since the witness was in it, and that his work the witness did not know anything about.

The judge ruled that the witness was incompetent to testify as to the foreman's reputation, to which ruling no exception was taken.   The plaintiff then asked the witness, " Do you know the reputation he had among the men who worked under him?" The judge said, " That cannot be a general reputation, because a gang of half a dozen men say something about their foreman; that is not a general reputation."   The plaintiff's counsel then asked the witness, " What was the reputation which Mr. Terry [the foreman] had among the men who worked under him?" The question was objected to by the defendant, and the judge said, " He need not answer that question; he has already said he did not know what his [Terry's] general reputation was." The plaintiff excepted.

Other witnesses to Terry's reputation called by the plaintiff were held upon their answers to be competent, and allowed to testify on that subject.

The plaintiff offered in evidence, as notice of the time, place, and cause of the injury, two papers, pinned together and written in behalf of the plaintiff by his physician, Dr. N. B. Aldrich. These two papers were as follows:

1. " John Driscoll.—Worked Monday ; Tuesday was Memorial day ; worked Wednesday ; worked Thursday morning ; was hurt Thursday afternoon at about half-past one o'clock.   Working on the Brownell Street sewer, near the Highland Road.   A gang of six men moved the derrick.   Boss Terry was there when the derrick was placed.   I was after throwing a shovel of dirt up. No one said anything to me.   The derrick fell, and I was crushed against the side of the bank.   They took me out, and I sat down. The boss said, ' Stay there and rest yourself.'   The tool boy came with the picks, and the boss told him to give me a ride. He left me at the dispensary.   Robert Hargraves telephoned for Dr. Kelley."

2. " Fall River, Mass., June 29, 1893. — In my opinion John Driscoll is severely hurt.   I am of the opinion that the result of the accident may render him unfit for manual labor during a long period ; that it will be a matter of months before he is able

to follow his employment; that it may be a matter of years; that possibly he may never be able to do another day's work. He is suffering from the results of the accident, viz.: three fractured ribs; a dislocation of the breast-bone end of the left collar bone; a partial riding of the other collar bone at the breast-bone end; a backward displacement of the (ensiform) cartilage at the end of the breast bone, which cartilage, due to its position, interferes with respiration or any abdominal movements. He is suffering from some obscure injuries to the abdominal organs, the exact nature of which is not plain; also from concussion and bruises. Dr. N. B. Aldrich."

The judge ruled that these papers did not constitute a sufficient notice under the statute; and the plaintiff excepted.

The case was submitted to the jury on the common law count upon instructions not objected to, and the jury returned a verdict for the defendant. The plaintiff alleged exceptions.

*E. J. Rich*, for the plaintiff.

*G. Grime*, for the defendant.

MORTON, J. It is evident that the question which was objected to called for an answer as to the reputation of the foreman amongst the gang with which the witness had been working from three or four days to a week, and whose number did not appear, nor how long they had worked under the foreman. A general reputation regarding the incompetency of a servant is admissible on the ground that it furnishes some reason to believe that, if the master had exercised due care, he might have learned or heard of the incompetency. But the reputation of a foreman amongst a few workmen employed under him is not a general reputation. It is merely the opinion of a small number of men, of which there is no sufficient reason to suppose the master may be cognizant, or which he may be bound to heed. *Monahan* v. *Worcester*, 150 Mass. 439. *Gilman* v. *Eastern Railroad*, 13 Allen, 433, 444. *Whitcher* v. *Shattuck*, 3 Allen, 319, 321.

We assume that the two papers which are relied on as being the notice were given to the defendant, though the bill of exceptions does not state that they were, nor where nor to what officer; but we do not think that they constituted a sufficient notice. The first paper is headed " John Driscoll," and appears

to be a record of the events immediately preceding and connected with the accident to him. The second paper is a description over the signature of a physician of the injuries sustained by John Driscoll as the result of the accident. We may conjecture that the two papers were intended to be a notice to the defendant of the time, place, and cause of the injury, in accordance with the statute. But they neither purport to be given in behalf of the plaintiff, nor to indicate that he had any claim against the city. The notices required by the statute are not to be construed with technical strictness, but enough should appear in them to show that they are intended as the basis of a claim against the city or town, and are given on behalf of the person who brings the suit. *Kenady* v. *Lawrence*, 128 Mass. 318. St. 1887, c. 270, § 3, and amendments.

We think that the notice in this case is defective in both particulars.                              *Exceptions overruled.*