This action was brought by the plaintiff, who was an engineer in the employ of the defendant, to recover for injuries sustained by reason of the collision with a freight train, caused by the negligence of one Brown, a brakeman in the employ of the defendant.
The freight train on the evening of November 21, 1891, had been switched from its regular track to the cast-bound passenger track near Canastota, and had proceeded eastward a little over a mile from that station when it became stalled and the train broke in two, leaving the rear portion of the train stationary at a point about eight hundred feet east of the end of a curve. Sanford Brown was the rear brakeman upon the train and it then became his duty to go back upon the track and signal the approaching train so as to prevent a collision. The plaintiff was following upon the mail and express train, known as No. 32, and it is claimed that Brown neglected to go back a sufficient distance from his train to give the signals required to prevent a collision, and that owing to his neglect of duty in this regard a collision occurred in which the plaintiff suffered the injuries for which this action was brought.
Inasmuch as the plaintiff and Brown were co-servants this action could not be maintained without showing that Brown was an incompetent man, unfit for the service in which he was engaged, and that such incompetency was known, or should have been known, by the officers of the defendant. It appears that he was 35 years of age and was born at Corinth, Saratoga county, in this state. That from early boyhood he had lived in the city of Schenectady and attended the union school at that place, and in 1881 entered the employ of the New York Central and Hudson River Railroad Company and ran upon a train as a brakeman, between West Albany and DeWitt, for a period of about two years. After this he entered the employment of Saul Davis, in Syracuse, hardware *Page 218 
merchants, for a time, and then again entered the employ of the New York Central and Hudson River Railroad Company under a Mr. White, the master mechanic at Syracuse. He served as an accountant and assistant bookkeeper for about three years and six months, after which he went to Louisville in the state of Kentucky, and entered the service of the Louisville Nashville railroad as brakeman. He then became yard clerk, and after that service clerk and detective for the road. In 1890 he returned to this state and again entered the employ of the defendant as extra conductor and served about seven months. He then returned to Louisville, and in August, 1891, returned to this state and was employed as a flagman, and continued in such employment down to the time of the accident.
The plaintiff, in order to establish his cause of action, gave considerable evidence with reference to the general reputation of Brown for carelessness, which was taken under the objection and exception of the defendant, which we shall not consider in detail. The character of this evidence has recently been under consideration in this court in the case of Youngs v. N.Y., O. W.R. Co. (154 N.Y. 764). Inasmuch as there was no opinion written in that case we will briefly allude to the facts and the question decided. In that case, as in this, it became necessary to show that an employee was incompetent. This the plaintiff sought to do by showing his general reputation for carelessness from the speech of people. It was objected to by the defendant; the objection was sustained and an exception was taken by the plaintiff. The court then stated to the plaintiff's attorney, "I will allow you to show any specific acts of negligence on the part of the engineer while engaged in the business of engineering, and I will allow you to show that those acts of carelessness were generally known in the community and that the defendant had actual knowledge of such specific acts, or that they were so general that, upon proper inquiry, the defendant ought to have known." A nonsuit was granted, and the same was affirmed in the General Term and in this court. We are aware that in *Page 219 
some states the courts have permitted incompetency of servants to be shown by general reputation, but we have never gone to that extent in this state. It appears to us that the safer and better rule is to require incompetency to be shown by the specific acts of the servant, and then, that the master knew or ought to have known of such incompetency. The latter may be shown by evidence tending to establish that such incompetency was generally known in the community. (Marrinan v. N.Y.C. H.R.R.R. Co., 13 App. Div. 439;Baulec v. N.Y. H.R.R. Co., 59 N.Y. 356; Monahan
v. City of Worcester, 150 Mass. 439; Gilman v. Eastern R.R.Co., 13 Allen, 433; Davis v. Detroit Mil. R.R. Co.,20 Mich. 105.)
One Dean was sworn as a witness for the plaintiff, and testified that he knew Brown when he worked for the defendant at Schenectady. He testified that he had never heard his mental characteristics talked about and knew nothing of his mental reputation, but stated that he had heard of a handle to his name — a nickname. He was then asked to give his nickname. This was objected to; the objection was overruled and exception taken, and the witness answered that he was called "Crazy Brown;" this was eight or ten years before, and he had not heard him spoken of before this accident within the last ten years. We think that this evidence was prejudicial and incompetent, and, without considering the other numerous exceptions in the case, that a new trial should be granted.
The judgment should, therefore, be reversed and a new trial granted, with costs to abide the event.
All concur, except GRAY, J., absent, and MARTIN, J., not sitting.
Judgment reversed. *Page 220