(49 App. Div. 82.)

### LAMBRECHT v. PFIZER et al.

(Supreme Court, Appellate Division, Second Department. March 27, 1900.)

1. MASTER AND SERVANT—FELLOW SERVANT'S NEGLIGENCE—GENERAL REPUTA-
TION—SPECIFIC ACTS—KNOWLEDGE OF MASTER.
   Where plaintiff sued his employer for injuries resulting from a fellow
   servant's negligence, he could not charge defendant with such negligence
   by showing such fellow servant's general reputation for incompetency,
   without reference to any specific acts of negligence showing that defend-
   ant knew or ought to have known that the servant was incompetent to
   perform his particular duties, and in the absence of such showing the com-
   plaint was properly dismissed.

2. SAME—GENERAL REPUTATION—KNOWLEDGE OF MASTER—EVIDENCE.
   Evidence that it was generally known in the community that a serv-
   ant, for whose negligence plaintiff, a fellow servant, sought to hold the em-
   ployer liable, had been guilty of specific acts of negligence, rendering him
   unfit for his particular duties, was admissible to show that the employer
   knew or ought to have known of the acts of negligence, after such acts
   had been shown.

Appeal from special term.

Action for injuries by George Lambrecht against Charles Pfizer
and another. From a judgment dismissing the complaint, and from
an order denying a motion for a new trial on the minutes, plaintiff
appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH,
WOODWARD, and HIRSCHBERG, JJ.

Ira Leo Bamberger (Saul S. Myers, on the brief), for appellant.
John Notman, for respondents.

WOODWARD, J. The defendants in this action were the pro-
prietors of a manufacturing establishment in Brooklyn at the time
of the accident complained of, and the plaintiff was employed in
filling tubs with the chemicals produced, and transporting them to
various parts of the building. The plaintiff worked in a four-story
building known as the "New Factory," and a freight elevator trav-
ersed a shaft from the fourth to the ground floor. On each floor
there was a railroad track about two feet wide, and these connect-
ed with a similar line of tracks on the floor of the elevator. Small
trucks were used, which were carried to the several floors and run
off upon the tracks, or the trucks were run from the floors upon
the elevator as the necessities of the case demanded. On the 31st
day of October, 1895, the plaintiff had been sent in the elevator to
the fourth floor to bring down two trucks, and when between the
third and second floors, on his way down, he was struck on the head
and seriously injured by a truck which had been shoved into the
elevator shaft by a fellow servant operating on the floor above. On
the trial a motion to dismiss the complaint on the ground that the
plaintiff had failed to establish a cause of action was granted, and
an appeal comes to this court.

It is conceded that the accident was due to the negligence of a
fellow servant, and that, under ordinary circumstances, this would
constitute a complete defense; but it is urged that the defendants

were negligent in retaining in their employ the particular individual who caused the accident, because of his incompetency. An effort was made to show that the plaintiff's case was taken out of the general rule by evidence of specific cases of negligence on the part of the co-servant, but in our opinion the evidence fell far short of establishing the necessary facts. The specific cases of negligence were not such as to establish incompetence for the particular kind of work for which the co-servant was employed, and therefore the foundation was never laid for admitting evidence that such facts were brought to the attention of the defendants by proof of general reputation. It is necessary, under the rule laid down by the court in Park v. Railroad Co., 155 N. Y. 215, 49 N. E. 674, that incompetency shall be shown by the specific acts of the servant, and that the master knew or ought to have known of such incompetency. The latter may be shown by evidence tending to establish that such incompetency was generally known in the community, but it is not competent to establish the general reputation of the servant, without any reference to specific acts of incompetency. The speech of people as to the morals, manners, or idiosyncrasies of a common laborer would not in any manner tend to convey notice to an employer of the specific acts of incompetency which are alone sufficient to establish that lack of reasonable care on the part of the defendants which the plaintiff had a right to expect in the selection and employment of fellow servants. The burden of proof was upon the plaintiff to establish the specific acts on the part of the servant which would justify a reasonable person in saying that he was incompetent to perform the particular services for which he was employed, and in the performance of which the accident occurred, and that the master knew of these acts on the part of the servant, or that in the exercise of reasonable care he should have known them. Evidence tending to show that it was generally known in the community that the servant had been guilty of these specific acts of negligence or incompetence would be proper in support of the proposition that the master did know, or that he might, in the exercise of reasonable care, have known, of them; but the trial court very properly excluded evidence of the servant's general reputation among his fellow servants.

The judgment and order appealed from should be affirmed, with costs. All concur.