### WILLIAM H. CARSON *vs.* JOHN F. CANNING.

Plymouth.    December 2, 1901. — February 27, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Evidence,* Competency, to show notice to principal of unfitness of agent.    *Practice, Civil.    Discretion of Court.*

In an action against a pawnbroker for negligence in allowing property of the plaintiff pledged to the defendant to be stolen by the defendant's manager, the unfitness of the manager may be proved by details of which the defendant had and could have had no knowledge, if the defendant's cause to know or suspect the general facts can be shown by other evidence.

In an action against a pawnbroker for negligence in allowing the property of the plaintiff pledged to the defendant to be stolen by the defendant's manager, a witness, who had testified that the manager had the reputation of living beyond his means and being a " sport " and a gambler, added that he had that reputation " around the building." *Held,* that the localization of the reputation by. the witness, so far from being a ground for excluding the evidence, was a reason for admitting it, as showing a reputation or gossip peculiarly within the defendant's reach.

Whether cumulative evidence for the plaintiff shall be admitted after a part or the whole of the defendant's evidence has been put in, is within the discretion of the trial judge.

TORT against a pawnbroker for the value of certain diamonds and watches pledged by the plaintiff to the defendant and through the alleged negligence of the defendant carried away by the defendant's absconding manager.    Writ dated November 10, 1899.

At the trial in the Superior Court, *Bell,* J. refused certain rulings, requested by the defendant, and allowed the case to go

to the jury, who returned a verdict for the plaintiff. The defendant alleged exceptions.

*R. R. Gilman & F. L. Washburn*, for the defendant.

*W. H. Carson, pro se.*

HOLMES, C. J. This is an action to recover the value of chattels pledged by the plaintiff to the defendant and carried off by the defendant's general manager, one Knight, who absconded with this and other property. The plaintiff had a verdict and the case is here on exceptions to the admission of certain evidence and to the judge's refusal to take the case from the jury. The plaintiff was allowed to recover on the ground that the absconding manager was an unfit man for his trust, and that the defendant could and would have found it out if he had used ordinary care. In order to prove these propositions the plaintiff put in evidence of specific cases of Knight's gambling and intoxication, — including one of his being drunk of a morning when opening the defendant's place of business, — and of other indications of a generally free and extravagant way of living, evidence that Knight had a reputation corresponding to the alleged facts of his life, and finally that the defendant was on terms of personal familiarity with him and to some extent joined him in convivial moments. All of this was excepted to, and afterwards the judge ruled out evidence bearing upon Knight's drinking, except when the defendant was present, or when Knight went to the office drunk and what may have been done in a public way at hotels. He also excluded evidence of private gambling. The defendant excepted to his not excluding everything.

It is quite plain that the defendant has no cause to complain of the judge's course. To make out the plaintiff's case there were two things to prove; the facts relied upon as constituting or proving unfitness, and that the defendant had notice of them or ought to have found them out. The former might be proved by details of which the defendant had and could have had no knowledge, if the defendant's cause to know or suspect the general facts could be shown from any other source. *Clarke* v. *Second National Bank*, 177 Mass. 257, 262. The evidence put in was sufficient, if believed, to prove the first, and the evidence as to reputation, although sometimes couched in metaphors more

familiar to the witnesses than to the dictionaries, might have been sufficient to the mind of the jury, and was explained in part by more homely words. We cannot say that "high roller" or "high flyer" would not convey an intelligible idea to an average juryman, even if one of the phrases commonly is not applied to a man by the accurate. Coupled with Knight's reputation was the defendant's familiarity with him, — a familiarity of the saloons and the road as well as of the office, — that naturally must have indicated something of Knight's nature and way of life. There was the further circumstance, which we should not wish to insist upon too much if it stood alone, of Knight's coming to the office drunk.

The testimony of one witness is objected to because after stating that he knew Knight's reputation and what it was, he cut down the statement of his own knowledge to Knight's reputation "around the building." The point was not called to the attention of the judge, and there is nothing in it. The building referred to is the building where the defendant did business. Reputation is let in only to show that the defendant might or ought to have known the reputed fact, and therefore the localization, if otherwise it could be made a ground for excluding testimony already rightly in, tended to show a reputation or gossip peculiarly within the defendant's reach.

The only case cited by the defendant that needs mention is *Driscoll* v. *Fall River*, 163 Mass. 105. In that case it was sought to hold the defendant for personal injuries on the ground of the incompetence of a foreman, and evidence of the foreman's reputation "amongst a few workmen employed under him" was held inadmissible, or rather the exclusion of the evidence was sustained. The evidence was offered for the same purpose as the evidence of reputation in the present case, but the subject matter of the reputation was so much more a matter of judgment and so much less a summary of plainly verifiable facts than in the present case, that it was held, seemingly, that if the workmen's opinion had been brought home to the defendant's knowledge the defendant would not have been bound to give it heed. But if the present defendant had been informed that in his building Knight was reputed to be a "sport" and a gambler and living a great deal above his means, he would have neglected the infor-

mation at his peril. Decisions as to reputation when proved in connection with a criminal charge have no bearing upon the case at bar.

A witness was allowed to give some cumulative evidence for the plaintiff after a part or the whole of the defendant's testimony had been put in. There is nothing to show that the judge did not exercise or that he exceeded his well settled discretionary powers. *Commonwealth* v. *Storti,* 177 Mass. 339, 345.

*Exceptions overruled.*