GILLEN v. McALLISTER et al.

(Supreme Court, Appellate Division, Second Department.   October 11, 1904.)

1. INJURY TO EMPLOYÉ—NEGLIGENCE OF FELLOW SERVANT—MASTER'S KNOWL-
EDGE OF INCOMPETENCY.

A master is not liable for injury to an employé through the negligence of a fellow servant, though he was incompetent, in the absence of evidence that the master was aware, or chargeable with knowledge, thereof.

Appeal from Special Term, Kings County.

Action by John Gillen against James McAllister and others, doing business as McAllister Bros. From a judgment dismissing the complaint at the close of plaintiff's evidence, he appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOOD-WARD, JENKS, and HOOKER, JJ.

Frederick W. Sparks, for appellant.
George Gordon Battle, for respondents.

WILLARD BARTLETT, J.   The complaint in this action alleges that the defendants were copartners engaged in operating steam derricks in and about New York Harbor; that on the 3d day of July, 1901, the plaintiff was employed on one of the defendants' lighters, loading barrels of oil from a dock in Hoboken, N. J., upon said lighter, by means of a hoist operated by a stationary steam engine; that the defendants negligently and carelessly employed a person wholly incompetent and unskillful in the operation of such stationary steam engine; that in the prosecution of the defendants' business said incompetent and unskillful person allowed another incompetent and unskillful person to operate said stationary steam engine, and negligently and carelessly caused two barrels of oil to be suddenly lowered without signal and without warning, and to fall upon and crush the plaintiff's right leg between the ankle and the knee.   For the injuries thus sustained the plaintiff seeks in this action to recover damages against the defendants.   At the close of the evidence offered in his behalf the complaint was dismissed, and the question for us upon this appeal is whether the facts proved, in the most favorable view which can be taken of them, entitled the plaintiff to have the case submitted to the jury.

A marine engineer named Keifer, in the employ of the defendants, had been engaged in operating the stationary engine for some time before the accident occurred.   A stranger, whose name does not appear, but who is described as the captain of a barge named the Ironton, came into the engine house, and was allowed by Keifer to undertake the operation of the engine.   While so doing he appears to have lowered the hoist without receiving any proper signal from the plaintiff to do so, thus allowing the load of barrels to fall upon the plaintiff and crush his leg.   The evidence clearly suffices to make out a prima facie case of negligence against this stranger, and the appellant seeks to impute his negligence to Keifer on the principle of those cases in which the master has been held liable for the negligent act of an individual

¶ 1. See Master and Servant, vol. 34, Cent. Dig. § 343.

whom the servant has invited to aid him in the execution of a task imposed by the master. Althorf v. Wolfe, 22 N. Y. 355; Kilroy v. D. & H. C. Co., 121 N. Y. 22, 24 N. E. 192; Booth v. Mister, 7 Carr. & Payne, 66. But, assuming that Keifer was negligent, this is not enough to make the defendants liable. The plaintiff and Keifer were fellow servants in the employ of the defendants, who could not be held responsible for the negligence of one of their servants engaged in a common employment resulting in injury to another without proof that the servant whose negligence inflicted the injury was incompetent, and that his incompetency was known, or ought to have been known, to the master. Park v. N. Y. Central & H. R. R. R. Co., 155 N. Y. 215, 49 N. E. 674, 63 Am. St. Rep. 663. It appears that Keifer was licensed only as a marine engineer, and that he held no license to operate a stationary engine. This fact, however, did not tend to show that he was incompetent. Smith v. N. Y. C. & H. R. R. R. Co., 164 N. Y. 491, 58 N. E. 655. The testimony relied upon to establish his incompetency is a declaration by him to the effect that he was not used to running stationary engines, but would do the best he could. As matter of fact, he did operate the engine successfully, and without injury to any one, and no accident occurred, until it was placed in charge of the captain of the barge Ironton, as already stated. I am unable to find any evidence in the record from which it can be inferred, even if we assume that Keifer actually was incompetent, that the defendants were aware of that fact, or chargeable with such knowledge. This defect in the proof, it seems to me, compelled the learned trial judge to dismiss the complaint.

I think the judgment should be affirmed.

Judgment affirmed, with costs. All concur.