(101 App. Div. 77)

### ALLCOT v. KIRKHAM et al.

(Supreme Court, Appellate Division, Second Department. January 13, 1905.)

1. INJURY TO EMPLOYÉ—ASSUMPTION OF RISK—INCOMPETENT FELLOW SERVANT.
    Where, on the day before plaintiff was sent by defendant's foreman to do some carpenter work, during which he was injured, he had complained to the foreman that their workman S. was very careless, and then said that he would not work with S., and on the day of the accident said that he did not like to work with S., that he was careless in driving nails, and the foreman answered, "All right, you go ahead where you are," and plaintiff did so, going to work alone, with no one about him, and he did not require a companion in his work, and had never worked with S. as a mate, and 10 minutes after going to work, he, on turning around at sound of a noise, was struck in the eye by a flying nail which S. was attempting to drive, and it did not appear that plaintiff knew or should

have known of the proximity of S., the jury are authorized to infer an admission of defendants to plaintiff that S. was unfit for the work, or at least to work near plaintiff, and an assurance that S. would not be put to work nearby, and therefore may find that plaintiff did not continue to assume the risk.

Appeal from Trial Term, Kings County.

Action by Charles F. Allcot against Henry P. Kirkham and an-. other. From. a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

E. J. Heilner, for appellant.

Geo. Gordon Battle, for respondents.

JENKS, J. The action is by servant against master for negligence. The court dismissed the complaint at the close of the plaintiff's case on the ground that no negligence had been shown. I think that this was error. The plaintiff, a carpenter, testifies that defendants' foreman sent him on a steamship to build temporary structures. On the day previous the plaintiff had complained to the foreman, who engaged and discharged the workmen, that defendants' workman Spausta was very careless, and he then said that he would not work with Spausta. On the day of the accident Spausta was on the ship, driving nails. The plaintiff began to work, and Spausta was "following him." The plaintiff then said to this foreman that he "did not like to work with this man; that he was careless in his work, or in driving nails"; and the foreman answered, "All right, you go ahead where you are." The plaintiff did not require a companion, and he had never worked with Spausta as a mate. Spausta was not then working in proximity to the plaintiff, but the latter went to work alone, with none about him. Ten minutes after, upon hearing a noise, the plaintiff looked around, and was struck in the eye by a flying nail which Spausta, then about three feet distant, was attempting to drive into wood. There is evidence that the flying of a nail of such a size is not usual unless the workman driving it is very careless, and also evidence to justify the inference that the nail was not broken.

I know the rule that there must be some proof that Spausta was incompetent and unfit for the work allotted to him, and that this unfitness was known or should have been known by the defendants (Park v. N. Y. Central & H. R. R. Co., 155 N. Y. 215, 219, 49 N. E. 674, 63 Am. St. Rep. 663), and that incompetency must be shown by proof of specific acts, and then that the master knew or ought to have known of such incompetency (Id.). It is said that the plaintiff's case is bare of such proof. But I am of opinion that a jury might be permitted to infer an admission on the part of the defendants to the plaintiff that Spausta was unfit for this work, or at least to work near the plaintiff, from the statement of the plaintiff to the defendants' foreman, who had the power of employment and discharge, that the man "was a very careless worker," and plaintiff would not work with him, followed by the statement on

the day of the accident "that he was careless in his work, or in driving nails," that plaintiff "did not like to work with" him, and the answer of the foreman, specifically made to the latter statement, "All right, you go ahead where you are." In considering the force of this answer it must be borne in mind that the plaintiff testifies that his work did not require a mate, that he had never worked with Spausta, had never mated with him, and that Spausta was not working where "I was when I went to work." These facts bear upon the question whether the answer was not an assurance that the protest was heeded, and that the plaintiff might continue at his work under its present conditions, and that, therefore, Spausta would not be put at work near by. Shearman & Redfield on Negligence (5th Ed.) vol. 1, § 215, say: "Nor, indeed, is any express promise or assurance from the master necessary. It is sufficient if the servant may reasonably infer that the matter will be attended to." In the case cited by the authors as authority for this principle (Northern Pacific R. Co. v. Babcock, 154 U. S. 190, 14 Sup. Ct. 978, 38 L. Ed. 958), the court, per White, J., say: "The proof showed, or tended to show, that notification by the engineer to the foreman and master mechanic of the existence of the defect was given some ten or twelve days before the accident, and that at the time *there was an impression created in Munro's mind that it was to be remedied.*" (Italics are mine.) The threatened danger was the proximity of Spausta, and there is no proof but that the foreman, by an order to Spausta, who was near by (for the plaintiff says Spausta was then following him), could have averted it. I think that the case presented a question for the jury whether the plaintiff, in the exercise of due care and prudence, in view of his statements and protests to the foreman, of the answer of the foreman, and of the facts that Spausta was not at work when plaintiff went to work, that Spausta followed him before the protest, was not sent with him after the protest, but that plaintiff went to work alone and began work with none about him, had not the right to begin his work and to pursue it on the assumption that he was not to work in proximity to Spausta. If the plaintiff, in the exercise of such care and prudence, was justified in such assumption, then he is not precluded from recovery by the fact that the injury was due to Spausta, but the question arises whether the injury was due to any failure of the defendants to discharge the obligation of master to servant. Laning v. N. Y. Central Railroad Co., 49 N. Y. 521, 10 Am. Rep. 417; rule approved in Powers v. N. Y., L. E. & W. R. R. Co., 98 N. Y. 274, 279; Gibson v. Erie Railway Co., 63 N. Y. 449, 453, 20 Am. Rep. 552; Sweeney v. Berlin & Jones Envelope Co., 101 N. Y. 520, 523, 5 N. E. 358, 54 Am. Rep. 722. See Judge Allen's explanation of his dissent in Laning's Case, supra, in Malone v. Hathaway, 64 N. Y. 5, 11, 21 Am. Rep. 573; Cooley on Torts (2d Ed.) 661; Shearman & Redfield on Negligence (5th Ed.) § 215; Wood on Master and Servant, 378; Thompson's Com. on Negligence, vol. 4, §§ 4664-4667; Lyttle v. Chicago & West Michigan Ry. Co., 84 Mich. 289, 47 N. W. 571; Greene v. Minneapolis & St. Louis Ry. Co., 31 Minn. 248, 17 N. W. 378, 47 Am. Rep. 785; Hough v. Rail-

way Co., 100 U. S. 213, 225, 25 L. Ed. 612; Rice v. Eureka Paper
Co., 174 N. Y. 385, 66 N. E. 979, 62 L. R. A. 611, 95 Am. St. Rep.
585. It seems to me that this case does not necessarily present the
feature of a continuance of the plaintiff to work with Spausta with
as full knowledge of Spausta's incompetency as had the master,
and therefore, despite the assurance or promise of the master,
plaintiff's continuance of the risk with knowledge thereof equal
to the master's defeats his recovery under the rule of Marsh v.
Chickering, 101 N. Y. 396, 5 N. E. 56, and kindred decisions. The
risk to be removed could have been removed at once, for the com-
plaint was made to the foreman, who was empowered in the prem-
ises, and Spausta was at hand, so that presumably a command or
direction to Spausta would have sufficed. Continuance of plain-
tiff's work, then, did not necessarily mean continuance of the risk.
It does not appear that plaintiff went to work with Spausta, or
that he saw Spausta come to work in his vicinity, or knew that
Spausta was at work there before he looked around and was there-
upon injured, or that the place where Spausta then worked was
within the vision of the plaintiff while he labored at his own task,
or that Spausta's work necessarily informed plaintiff of Spausta's
presence. And it does follow that, as the plaintiff began work alone,
with none about him, and only worked 10 minutes before the ac-
cident, Spausta could have been in his vicinity for as long as 10
minutes, and, for aught that appears, he may have been driving
his first nail. The case did not, in this aspect, present a question
of law that warranted a dismissal on the ground that the plaintiff
continued to incur the risk.

Judgment reversed, and new trial granted; costs to abide the event. All
concur.