### ANDREWS v. REINERS et al.

(Supreme Court, Appellate Division, Second Department. March 2, 1906.)

1. MASTER AND SERVANT—INJURY TO SERVANT—INCOMPETENCY OF FELLOW SERVANT—EVIDENCE.

    In an action for injuries to an employé occasioned by the act of an incompetent fellow servant, a question as to whether on an occasion of a prior negligent act of the fellow servant anything was said by "any individual" with respect thereto, which followed a question as to whether on that occasion anything was said by any of the officers of the employer, was properly excluded as too broad.

2. SAME—EVIDENCE—SUFFICIENCY.

    Evidence, in an action for injuries to an employé occasioned by an act of an incompetent fellow servant, examined, and *held* insufficient to charge the employer with knowledge of the fellow servant's incompetency or to hold him liable for ignorance thereof.

    Hooker, J., dissenting.

Appeal from Trial Term, Kings County.

Action by Edward F. Andrews against H. & H. Reiners. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before JENKS, HOOKER, RICH, MILLER, and GAYNOR, JJ.

Frank F. Davis (Charles J. Belfer, on the brief), for appellant.
Sidney Lowenthal (Ira Leo Bamberger, on the brief), for respondent.

JENKS, J.   The action is by servant against master for negligent employ of a fellow servant, whose accidental act injured the plaintiff. Plaintiff, when at work in defendant's distillery, leaned over a barrel to empty it.   At that time the other servant, in attempting to start the bung out of another barrel, missed his aim and struck the plaintiff with the wooden bung starter.   The evidence of specific acts relied upon to establish liability of the master under the rule of Park v. N. Y. C. & H. R. R. R. Co., 155 N. Y. 215, 49 N. E. 674, 63 Am. St. Rep. 663, is found wholly in the testimony of the plaintiff.   First, he testifies that two months before, after this fellow servant had lined up some empty barrels on the floor, one rolled down into the elevator shaft because the barrels were not wedged, and because the floor, instead of being level as intended by the construction, was very "bad and broke up and slanting."   Second, at another time, when this servant was filling a keg standing on .e floor, it rolled downstairs.   Third, at another time, when the servant was carrying bottles by their necks, they dropped on the floor.   Fourth, the fellow servant had cut and bruised his own fingers.   Two of these accidents might be traced to the faulty construction of the premises, while there is no proof that this fellow servant knew or should have known of it at the times in question.   The third is not very serious at most, and the fourth is trivial.

But, in any event, there was no sufficient proof to fasten liability on the master.   As to the first accident, the witness testifies that there was no one on the floor at the time so far as he knew, and that he didn't know whether "they knew it or not."   As to the second, he testifies that Mr. Bishop, who I infer was some one in authority, was there "somewhere on the floor" immediately before or after.   As to the fourth accident, there is no proof that it was ever known to the defendant.   As to the third accident, plaintiff was asked whether anything was said on that occasion by any of the officers of the defendant with reference to the manner in which he (i. e., the alleged incompetent) did that. .  This was objected to unless the officer was specified. The court excluded it, but no exception was taken.   The next question was, "Or any individual?"   This was excluded under exception. The question was too broad.   But, even assuming that it had been answered that the defendant then and there found fault with the failure of the attempt to carry too many glass bottles, the bit of evidence would not have been sufficient.   Baulec v. New York & Harlem R. R. Co., 59 N. Y. 356, 363, 17 Am. Rep. 325.   Finally, the plaintiff testifies, as to whether Mr. Reiners or Mr. Bishop were present on any of these occasions, that "they were somewhere on the . floor" (which was 75 feet wide by 100 or 125 feet long), but where he cannot state.   The evidence is too meager to charge the defendant with knowledge or to hold them liable for ignorance, under the rule of Park's Case, supra, Baulec's Case, supra, and of Cameron v. N. Y. C. & H. R. R. Co., 145 N. Y. 400, 40 N. E. 1.          .

The judgment must be affirmed, with costs.  All concur, except HOOKER, J., who dissents.