McDERMOTT v. DANIELL et al.

(Supreme Court, Appellate Division, First Department. November 8, 1907.)

MASTER AND SERVANT—INJURIES TO SERVANT—INCOMPETENCY OF FELLOW SERVANT.

In an action for injuries sustained through the incompetency of a fellow servant, plaintiff to succeed, must show the incompetency by specific acts of the servant, and that the master knew or ought to have known of such incompetency.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 343–346.]

Appeal from Trial Term.

Action for personal injuries by Bella McDermott, an infant, by Ann McDermott, her guardian ad litem, against John Daniell and John Daniell, Jr. From a judgment for plaintiff, defendants appeal. Reversed, and new trial ordered.

Argued before PATTERSON, P. J., and INGRAHAM, CLARKE, SCOTT, and LAMBERT, JJ.

W. J. Underwood, for appellants.
Abraham Levy, for respondent.

SCOTT, J. Plaintiff, who was a saleswoman in defendants' employ, was injured by being hit on the head by an advertising sign which

had been suspended from a balcony above her head. The frame had apparently been dislodged by a co-employé, who was at the time engaged in repairing a cash trolley, which had gotten out of order. The only negligence charged against defendants is that they had retained in their employ an incompetent servant, knowing him to be incompetent, and that it was in consequence of his incompetence that the accident occurred.

The respondent concedes the general rule in this state to be, as declared in Park v. N. Y. Central & H. R. R. Co., 155 N. Y. 215, 49 N. E. 674, 63 Am. St. Rep. 663, and many other cases, that in an action like the present the plaintiff, in order to succeed, must show incompetency by specific acts of the servant, and that the master knew, or ought to have known, of such incompetency. The respondent does not attempt to bring herself within the rule, and gave no evidence of any specific act of incompetency on the part of her co-employé. She attempted to supply this lack of proof by saying that, about a year after the accident, one of the defendants said in a conversation with her: "You see this Mr. Ellis (the co-employé) is a careless man, and is always doing things like that." In this she was corroborated by her sister. This conversation is denied by the defendant, and seems to me to be wholly improbable. Ellis had been continuously in defendants' employ for some 17 years, and it is not at all likely that he would have been retained for that length of time if he had been uniformly careless and incompetent. No other similar accident is charged against him, and both he and his employer say that none other had happened. Furthermore, the statement, even if made, that he was careless, falls short of showing that he was incompetent.

Finally the evidence failed to show negligence on the part of the co-employé Ellis. The wire that required fixing ran along parallel to to the balcony and a few feet from it. Ellis climbed over the railing of the balcony and put one foot on a little iron pipe running out to the upright that carried the cash carrier. In reaching for the wire he lost his balance and swung in to the balcony; his left foot apparently dislodging the advertisement. This was the method he usually employed to reach the wire when anything required to be done near the balcony, and it is not shown to have been a negligent or improper method. He used a step-ladder sometimes to reach the wire; but this was only when the wire to be reached was in the center of the store, where there is no balcony. The complaint should have been dismissed.

Judgment and order reversed, and new trial granted, with costs to appellant to abide the event. All concur.