MOERING, JR., by guardian *ad litem,* Appellant, vs. THE
FALK COMPANY, Respondent.

*December 9, 1909—January 11, 1910.*

*Master and servant: Injury caused by incompetent fellow-servant:*
*Evidence: Reputation for carelessness: Notice to master: Ques-*
*tions for jury.*

1. Sufficient evidence to warrant a jury in finding that a servant
was incompetent should be offered before evidence of his repu-
tation for incompetency or carelessness should be received for
the purpose of showing that the master was chargeable with
knowledge of such incompetency.
2. The reputation which may be shown in such a case is the serv-
ant's general reputation among those acquainted with his work,
not his reputation among a particular class which includes a
part only of those having such acquaintance.
3. The fact that the servant alleged to be incompetent and other em-
ployees of defendant avoided careless acts of the character in
question while defendant's foremen were about, might be sig-
nificant on the question of actual notice to defendant, but can-
not render incompetent the evidence as to general reputation.
4. Evidence tending to show facts calculated to give notice to the
master of the habitual carelessness of a servant in the use of
gasoline, together with evidence that the servant had a general
reputation for such carelessness among those with whom he
worked, is sufficient to make it a question for the jury whether,
in the exercise of ordinary care, the master should have discov-
ered that the servant was incompetent, and whether the master
was negligent in failing to discharge him.

APPEAL from a judgment of the circuit court for Milwau-
kee county: J. C. LUDWIG, Circuit Judge. *Reversed.*

Action for damages for personal injury. The plaintiff was
hired to assist a molder named Lesch in the employ of the de-
fendant. Molds were frequently dried by pouring gasoline
therein and setting fire to the same. Occasionally it was
necessary to repeat the operation. On the day of the accident
Lesch poured gasoline into the mold and instructed the plaint-
iff to get him an additional supply. After the gasoline was
furnished, the plaintiff was instructed to get a facing and

started to do so. In the meantime Lesch poured fresh gasoline into the mould before the former supply had burned out. As a result the gasoline in the can took fire and the molder threw the same away. The can was so thrown as to come in contact with the plaintiff and he was badly burned in consequence thereof, and brings this action to recover damages for the injury so sustained.

The court directed a verdict for the defendant. It is conceded on the part of the plaintiff that he and Lesch were fellow-servants. Plaintiff based his right to recover on the ground that Lesch was an incompetent fellow-servant, and evidence was offered tending to show such incompetency. It was sought to charge the defendant with notice of such incompetency by offering testimony tending to show the general reputation of Lesch for carelessness in handling gasoline. Other testimony was offered by the plaintiff, which, he asserts, would warrant the jury in finding that, had the defendant exercised ordinary care, it would have discovered the incompetency of Lesch. The evidence pertaining to reputation was excluded by the court.

For the appellant there was a brief by *Rubin & Zabel,* and oral argument by *W. B. Rubin.*

For the respondent there was a brief by *Doe & Ballhorn,* and oral argument by *J. B. Doe.*

BARNES, J. It is urged that it was competent for the plaintiff to prove the general reputation of Lesch among his fellow-servants for recklessness, and likewise his general reputation as to being careless in the use of gasoline, for the purpose of showing that if the defendant had exercised ordinary care it would have discovered such incompetency. The court admitted a portion of the evidence offered, excluded other portions, and finally held it all incompetent.

Sufficient evidence to warrant a jury in finding that the servant was incompetent should be offered before evidence of

reputation for incompetency or recklessness should be re-
ceived. The court held in directing the verdict in this case,
and we think correctly, that there was sufficient evidence of-
fered to warrant the jury in finding that Lesch was guilty of
habitual carelessness in the use of gasoline so as to make him
incompetent. This being so, his general reputation for in-
competency, among those acquainted with his work, is admis-
sible as tending to bring notice of the incompetency to the
master. Reputation among a particular class, which included
but a part of those who knew his character or work, is inad-
missible for this purpose. *Southern Pac. Co. v. Hetzer*, 135
Fed. 272; *Gulf, C. & S. F. R. Co. v. Hays*, 40 Tex. Civ. App.
162, 89 S. W. 29; *Green v. Western Am. Co.* 30 Wash. 87,
114, 70 Pac. 310; *Metropolitan W. S. E. R. Co. v. Fortin*,
203 Ill. 454, 458, 459, 67 N. E. 977; *Western S. Co. v.
Whalen*, 151 Ill. 472, 38 N. E. 241; *Consolidated C. Co. v.
Seniger*, 179 Ill. 370, 53 N. E. 733; *Giordano v. Brandywine
G. Co.* 3 Pennewill (Del.) 423, 52 Atl. 332; *Park v. N. Y. C.
& H. R. R. Co.* 155 N. Y. 215, 49 N. E. 674. The case of
*Driscoll v. Fall River*, 163 Mass. 105, 39 N. E. 1003, is not in
conflict with the rule above stated, as will be observed from
reading *Carson v. Canning*, 180 Mass. 461, 463, 62 N. E. 964.
We think, under the facts established in this case, the court
erred in refusing to receive evidence along the lines above in-
dicated and in striking out a portion of the evidence admitted.
What is here said does not run counter to the decisions of this
court in *Kamp v. Coxe Bros. & Co.* 122 Wis. 206, 216, 99 N.
W. 366, and *Kliefoth v. Northwestern I. Co.* 98 Wis. 495,
498, 499, 74 N. W. 356. The fact that employees of the de-
fendant, including Lesch, avoided the careless use of gasoline
while the defendant's foremen were around, might be very
significant on the question of actual notice, but could not ren-
der incompetent the evidence offered as to general repute.

It is further urged that there was sufficient evidence, aside
from that offered to show general reputation, to warrant the

jury in finding that the defendant, in the exercise of ordinary care, should have known of the incompetency of the employee Lesch before the accident, and that the jury might likewise have found that the defendant was negligent in failing to discharge him.

Evidence was offered tending to show that, for the period of one year or more that Lesch was employed as a molder before the accident, he had frequently thrown gasoline on fires in the molds; that he had been upbraided once and probably twice by one of the defendant's foremen for so doing; that the foremen were very frequently in the portion of the shop in which Lesch was employed, and many times every day passed by where he was working; and that one of the proprietors, during a very considerable portion of the time, occupied a position where he could observe generally what was going on in the factory; as well as some other facts that were calculated to give notice to the defendant of Lesch's habitual carelessness in the use of so dangerous an element as gasoline. If, in addition to these facts, it be shown that Lesch had a general reputation among those with whom he worked for being habitually careless in using gasoline in the manner stated, we think it was for the jury to say whether, in the exercise of ordinary care, the defendant should not have discovered that Lesch was an incompetent servant and whether the defendant was negligent in failing to discharge him.

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded for a new trial.